v. City of Miami Beach, Florida, 19-11380. I see Council is present. Mr. Dervisy, are you ready to proceed? Yes, Your Honor. Thank you. Good morning, Patrick Dervisy. I'm counsel for the appellant Beach Beats Company. Thank you very much for your time today. The issues for the court today relate to the district courts finding that the City of Miami Beach and the individual defendants who are the mayor, the commissioners, the city attorney, and the assistant city attorney prevailed in the trial court. The standards that the court has to review, excuse me, the dispute of the parties is whether there was a legal material alteration of this relationship between of the parties. Because that is the first standard that we have to look for. Did the defendants prevail? Once we make a determination that assuming that the defendants prevailed, then the court cannot stop there. The analysis has to continue. And we have to look for the other prong of the test or the second test, which is whether the claims of the plaintiffs were so vexatious and frivolous to warrant the application of the stringent test to award prevailing party defendants their attorney's fees. Obviously the court has had the briefs reviewed and the cases that we have cited. I think that there is no dispute that the legal test as adopted by Buchanan and as amended by CRST are applicable. The only thing that this panel and your honors have to consider is whether a dismissal without prejudice under the specific facts of this case warranted determination that this judicial imprimatur of the district court below, which is the order of dismissal without prejudice, most of the claims dismissed without. Let me ask you a question specifically to focus this, at least for me. The district court dismissed counts one, two, three, and five regarding the individual defendant legislators, finding that they had absolute immunity insofar as they considered in past ordinances restricting the sale of alcohol in the MXE district. And the district court said, I'm not going to give you leave to amend. Let's hold aside the labels you paste on it with or without prejudice. Did that not alter the legal relationships between these parties with respect to that question? Judge, it is the appellant's position that the relationship was not materially altered in order to preclude a second lawsuit. Basically, the appellant could refile the lawsuit against the individual defendants. Tell me, where could you turn around and refile the exact same claim? You couldn't go back in before Judge Ongara would do it because she said you don't have leave to amend because it would be futile. So you couldn't go into district court and allege the same thing, could you? We maintain that we would be able to refile, your honor. In federal court? Yes, your honor. It is our position and I understand that we are somehow engaging in a post hoc analysis and the temptations that the Florida Supreme Court has identified for all interested parties. I believe that without collaterally attacking the district court's order dismissing those claims and as you indicated, citing that the amendment would have been futile. It is our position that the allegations were sufficient to show and reveal why the individual defendants, the liability that the appellants was looking for did not specifically relate or exclusively relate to their legislative authority. The problem that I see is maybe the district court was right, maybe the district court was wrong in so far as she read your pleadings, but she said they had absolute immunity as legislators with regard to each and every one of the allegations you made. If she was wrong, you had the option of taking an appeal on that issue to this court, but you didn't do that. That is correct, your honor. We didn't do that. And that is one of the, one of the factors that appellant took into consideration amongst other things. And obviously we cannot disclose the client confidences because this was one factor. The individuals were one, the individual defendants, the dismissal of the individual defendants claims based on the absolute immunity was one of the factors. The other factors that had to be considered by the appellant in moving forward were that there were decisions by the district court that we said, look, maybe we can go to state court. And again, without trying to evade the question, the appellant decided to say, look, we understand that there is state remedies afforded based on the distinction that I think it was misunderstood to a certain extent between an expired business tax receipt and elapsed business tax receipt. Can I ask you, can I ask you a related question, I guess I would have thought that perhaps in response to Judge Marcus's question you might have sort of doubled down on the decretal language or the judgment, right, wrong or indifferent says without prejudice, without prejudice, without prejudice, I would have thought perhaps you would have said, notwithstanding what the opinion says, the judgment of the court was without prejudice, that it was dismissed without prejudice and that without prejudice, somehow doesn't materially alter the legal relationship of the parties. And I have to be honest, you're on with that we have raised that argument that is the main theme of the argument is, can you have a prevent can you have a determination on the merits under this specific facts of this case, when you have a judgment that says, without prejudice, that is the main theme of our brief, but I don't want to evade the question and I want to be candid with Judge Marcus when he says, well, the District Court of Appeal notwithstanding its prior ruling notwithstanding the ruling on the face of the order that says, without prejudice. It also went back in the order of the attorneys fees and said, well, any amendment would have been futile so I feel that my answer answers. Judge Marcus question, and on because, again, there were facts and the truth of the matter is that we did not, we did not take an appeal of the order of the district court over dismissing the case without prejudice and then ending up dismissing the case prejudice council could you I, I think the difficulty here is the label the district court based it on what she was doing. Normally when we say a case is dismissed without prejudice. It leaves you the opportunity to refile that might be without prejudice. It might be if there was a dismissal for lack of subject matter jurisdiction, the amount in controversy didn't hit the diversity requirement for example, and you might be able to go back and and filed exactly the same claim against these individual legislators. Judge I believe that even in the federal court I think that we would have been even more clear in our allegations and just as Judge Nelson indicated, if the, if the order on its face says without prejudice. Then I have to repeat the case and maybe as the master of my pleading I would be more compelling to to make it clear for the court that the actions that we were complaining against the individual defendant did not rely on their legislative legislative authority, rather in the their targeted actions illegitimate conduct in trying to refuse to eat to renew. I don't think I asked my question, clearly enough, let me try it this way. What does it mean to dismiss a case for failure to stay the claim on the 12 v six. Say it's without prejudice, and then say, I'm not giving you leave to amend. This is it. As to this pleading ballgame over thank you goodbye. How are we to read that. Is that essentially an alteration in their relationships or not, and that may turn on whether you could come back and do it again or not, doesn't it. I don't think I don't believe that he does it is the appellant's position your honor that we went through the state remedies process in regards to this closed permit, meaning that we could apply for a new permit. But we knew that because of the city's clear intentions on the record that would not approve an application because it would be a non conforming use. So the process was not there the state remedies were not that have been a new claim. If you went back, apply for a permit. And they said no. And you had exhausted all of your remedies and you went to state court, you might be able to plead the case again, but that would be based on something different, wouldn't it. The denial of new application. It would be based on that, but it's still does not address the issue that the city and the individual defendants exceeding the scope of their legislative authority refused repeatedly refused to renew the license. If they were to accept my clients payment. There was no need to go through the state remedies, and that is why all these procedural due process and substantive due process were raised. And it is the appellant's position that they leave the allegations. When taking in their totality. They address the court's concern again. It is our position that we would be able to refile the lawsuit, including the same, including the same claims. Would there be another situation where. Why wouldn't this, why wouldn't repleting let's say in a different forum have preclusive effect. If you had gone into let's say the state court and replayed exactly what you pled in counts 123 and five against the individual defendants and state court. Presumably the city would have said, these claims have already been adjudicated. The parties are identical. The issues are identical, and it's been adjudicated to a final resolution issue preclusion, it's claims preclusion I suppose. I think that the district court over the district court order of dismissal stayed a little bit away from the issue preclusion, because they looked at the interest and said that there is no business, there is no fundamental right there is no protected interest in regards to the BTR. In regards to this renewal, or in regards to the continual operation of the, of the appellants business, and we maintain that this was not about that. This was also about the goodwill, the asset of the, of the businesses, the unique location of the appellants operation. So those, those interests are clearly and undisputedly protected interest. So I believe that we would not have been subject to the issue of the claim preclusion but obviously that is a hypothetical and I think that is the best answer that I can give the court, and I can see that I overstated my time. Thank you very much. Thank you. Thank you. Thank you, Mr DaVinci you will have your full time remaining for rebuttal that you reserve. Thank you. Mr Rana. May it please the court, and we're here on behalf of the city of Miami Beach. Your Honors, the city was the prevailing party in the action below by any measure. The. Just as we're getting going, because I think as you can probably tell from the questions that Judge Marcus and I have been asking. The reason the question is so jacked up in this case is because there is this fatal mismatch between what the district court said, in its opinion, these claims are dismissed or failure to state a claim, and the label that she placed on it without prejudice, those two things don't make any sense together. I mean, at least to me, it won't make any sense at all. But she doubled and tripled down on that label. Was there any effort in the district court to clear that up. Judge, the opinion suggests this should be dismissed with prejudice but you've put without prejudice on it you need to put with prejudice on it for this to have a conclusive effect. Your Honor, a couple things about that. First of all, there are a couple couple decisions which say that the label without prejudice isn't dispositive. The dependable. Sorry, the dependable component decision which the trial court cited said if it's a dismissal on the merits, it's preclusive, regardless of the label you put on it. Urban versus us is likewise. I think here's the point though, the trial court in her attorney's fees opinion. I think she explained very clearly why she put the without prejudice label on the end and this is what she said. She said look, the claims against the individuals are barred by legislative immunity. The procedural due process claims are barred because the plaintiffs failed to allege adequate lack of adequate state process, and the substantive due process claim fails to say to claim because they don't identify a fundamental right. Here's what the court said in her attorney sees opinion. This is not a case where for example the dismissal was on venue grounds or for failure to establish federal question or diversity jurisdiction, such that plaintiff could immediately refile in state court, or in the proper venue. This is a case where any newly filed complaint would have to allege new process to underlie its procedural due process claim. And for its substantive due process claim any newly filed complaint would have to identify completely new interest. If the plaintiff refiled the exact same complaint in any forum, state or federal, its claims would suffer the same deficiencies would be barred by absolute immunity would fail to establish due process violations and so on. Only if the plaintiff alleges additional actions, such as pursuing an exhausting available state remedies, could it then assert a claim and so I think what the trial court was saying is exactly what dismissal. This would be the easiest case ever. Right, you would win. But, but because she said without prejudice and because we have said until we're blue in the face that courts exist to render judgments, not opinions, the opinions are incidental to the judgment, and her judgment decreed a languages without prejudice, it complicates things here, because without prejudice almost ipso facto means no preclusive effect. Well, what I would suggest your honor is that I think you're right. The only argument the plaintiffs have is that that language without prejudice was put in order, because it is otherwise the most straightforward case you can imagine, but it doesn't change anything. Let me ask you this without sort of trying to insinuate myself into your legal strategy or ask you to divulge any competencies. If you can answer the question, did you consider cross appealing the without prejudice dismissal and asking us to render a judgment that it was in fact with prejudice. Your Honor, I think that the, you know, I think the answer is no because I think the, the opinion is clear as to what she was saying. She, the opinion makes very clear what she meant by that she did not want to. I guess, basically, and I'm not I'm not casting aspersions here you're going to ride the opinion, and your opponent is going to ride the judgment, and we're going to have to decide which of those two things should control. Well, I think there's a couple of other couple other things to consider this ruling on the merits on a motion to dismiss makes the city the prevailing party. Prior to CRS T. Prior to that, to that where we're, we're requiring that we're going to be on the merits. Now, even if the judgment attached to it says without prejudice. I mean, is there a case pre CRS T that says, you know, a judgment on the merits is good enough, even if the language says without prejudice. Well, we would say the dependable component case, which, which says that that label doesn't make a difference where it's on the merits. And so, let me ask you a question. Aren't there two judgments here. Isn't there a judgment without prejudice. And isn't there a judgment that I'm denying you leave to amend. Isn't that also part of the decree. Absolutely. And in fact, in the, in the order, it says the counts are dismissed without leave to amend amendment of the aforementioned counts would be futile, given that plaintiff must first attempt to utilize if state remedies before seeking relief from this court. I just want to be clear on this point. The judgment of the district court is I'm dismissing without prejudice. I am also barring coming back again and amending. You can't file this claim again. Both decreed elements are not absolutely there, they are in the, they're in the operative language, let me ask you then again this question, which I have struggled with, which was to understand what the district court was getting at by labeling this without prejudice. This is a very able and experienced trial judge. What was she trying to tell us. Now I understand when you answered the question you said well. She said this is not like dismissing the lack of venue or lack of subject matter jurisdiction, which are plainly not merits determinations. And then she says, this really is for all practical purposes, a merits determination, and then she pays with credit without prejudice on the on the order and I'm just, I'm not understanding what the district court was trying to get at by labeling it without prejudice. I think the best answer I can give is, again, the language of the order of the attorney's fees order, in which she says that any new newly filed complaint would have to identify a new process to underlie its due process claim. So in other words, if the plaintiffs were to follow the state court procedure, which they subsequently did, and did not receive adequate process. They potentially could file a due process claim but it would be based upon new facts and a process that was not that's a different claim, that's not the claim we have here. Correct, but I believe based on this based on the court's opinion that that's the reason she said without prejudice meant to say you lose this round, but you can come back if you can replete and say, make a new challenge that would be okay. I think that's what she was getting at it exactly and that's why she says it would be futile for you to amend now, because you have to concede them that that's misapprehending the meaning of without prejudice. Well, I think that I think it was in an abundance of caution, you know, you know, that question in a slightly different way. I had asked your colleague the same question. Suppose your colleague turned around walked into circuit court in Dade County and filed exactly the same claim against exactly the same parties, laying out the same factual oligarch in the new case that it, it had offered in the district court case. And you had gone in before the state court and said this, the judgment has preclusive effect. What's the answer to that. Does it have preclusive effect, it absolutely has preclusive effect. The judge's opinion says it. If the plaintiff refiled the exact same complaint in any forum, state or federal, it's claims would suffer the same deficiencies. That's in the judge's opinion, where she's where I understand that's her opinion. Yeah, yeah, it would be, it would be asking the question getting back to the fundamental point that Judge Newsome is raising with you. Is that a state court judge picking up this order from the federal court says, Yeah, but it was without prejudice. Yeah, I think, I think the court would look at the substance of the decision and the decision was to dismiss the due process on the merits on a 12 state procedures. And I just just just sort of add to this conversation just something for you to think about. I mean, I'm looking in my notes at a couple of opinions one from the Supreme Court one from us the Supreme Court says dismissal without prejudice is a dismissal that does not operate as an adjudication upon the merits and thus does not have residue to cut effect. That's cooter and gel. That's for 96 us 384, we've said a dismissal without prejudice is not an adjudication on the merits and thus does not have residue to cut effect. That's Hughes 350 at third at 1161. So I guess, I mean, I guess we're kind of back to where we started that you would say well you know those are cases in which it was like a real dismissal without prejudice and not a confused dismissal without prejudice where the opinion would sort of fill in the gaps in the judgment. Correct. And I think the other thing is this is that at one of the lower court opinion goes on to say it doesn't even the court doesn't even have to reach the issue of whether there's preclusive effect or whether it was on the merits, because under see RST, there's a material alteration of the legal relationship between the parties, the plaintiff was revoked and federal court was told they didn't state a claim, and that they would have to go follow the state procedures which they went ahead and did. And that's very similar to argument is pure and simple. The label was the wrong label. It looks walks a smells like a dismissal with prejudice, and therefore we have got to discard the label without prejudice to reach the substance of what the district judge was doing. That's your argument right. That's point one. And point two is that even if it wasn't preclusive. We were prevailing parties under CRC, because the plaintiff was revoked in federal court they have to go to and follow the state procedures, but fundamentally the first point is yes, there is no way to look at this ruling, which dismisses on the merits, and the and explaining why she left it without prejudice so isn't your point to the CRC point, the cleaner point I mean I think if I were you, I would say, look and CRC the Supreme Court said that a defendant prevails, whenever the plaintiff's challenge is revoked, irrespective of the precise reason for the court's decision that's pretty broad. And then we don't have to get into all this nonsense about with prejudice without prejudice. Well, that's absolutely right and that's why you know I said that was the second point is that we were successful we prevailed the plaintiff's claim was revoked, and it's because there's a change here. Mr. I want to ask you about frivolity, and the time you have remaining. I'm a little concerned about the district court's ruling that the First Amendment retaliation claim was frivolous. The court found that the retaliation claim failed because each blitz blitz failed to sufficiently alleged that the protective conduct was a motivating factor in the decision to shut the business down. What's your best authority to establish that there was no arguable merit to the position that the complaint adequately alleged causation, because the complaint says, as a risk in response to the, the lobbying to not change the law, the police came and shut the business down why isn't that sufficient and what's the best case that says that your honor I'd have to identify that case for you I don't have a case that. But the point is, is that the number one. There were no facts which alleged a nexus between, between the speech and the, and the closure. There was a day's difference in timing and the complaint said that it was a response to the lobbying effort so I guess my point is if there's no published case law from our circuit that says that that's not adequate. Then, wouldn't that mean that the district court abused its discretion and finding that the plane was frivolous. No, no, absolutely not. Well I think the first point is, is that, as, as was mentioned earlier, that decision, the first of all there was no amendment. The point of fail to amend the claim was given, he was given leave to amend to allege facts and number two, he did not appeal that decision. And the Sidley case from this. The issue of frivolity is different from whether the district court aired in granting a motion to dismiss you agree with that right. Well, what you look at on frivolity is whether they were able to establish a prima facie case, and here they could not even allege a prima facie case, and the court found that there were no facts, which alleged a nexus between the protected speech and the alleged retaliation, and that was not that was not appealed, there was no amendment to try to cure that. And this is not the opportunity that seems to me that goes to the prevailing party issue rather than the problem issue. Well, Your Honor, I would submit that it is the first factor of frivolity test is whether the plaintiff can establish a prima facie case, the court found that he didn't, and that ruling was not appealed, nor did they try and amend to cure. Excuse me, isn't the prima facie case, isn't that a summary judgment standard, rather than a motion to dismiss standard. Well, my concern is that the district court may have applied the summary judgment standard at the motion to dismiss stage by saying there weren't sufficient facts to support this allegation. Well, no, I think there has to be, you know, you have to plead ultimate facts in federal court, the court found that they hadn't. And that is the ruling that is the subject of the attorneys fees order. And so, and again, have we not at least four factors, among others that are relevant in determining whether or not a claim is otherwise groundless frivolous or unreasonable. The first round we hold in Sullivan is whether the plaintiff has established a prima facie case there are three others, whether the defendant offered to settle, whether the trial court dismissed the case prior to a trial in the, in the matter, and attention is given to whether the court considered the grounds groundless in the case. Those are the kinds of things we've talked about. There were findings on each of those factors you weren't there. Absolutely, yes. There were findings on each of those factors and they all weighed in favor of the state, there was no prima facie case, there was no offered to settle the case was dismissed early on. And, and the law that was applied was clear. And there was no particularly complex or close or close questions. And so there were findings on all of those issues those are subject to an abuse of discretion standard. And, and you know the plaintiff argues in in their brief that the fact that this was a dismissal on a motion to dismiss somehow cuts in their favor but it's just the opposite. You know, oftentimes, there's a question as to whether attorneys fees should be allowed on a case that's decided on summary judgment and the courts say well if you weren't able to put forward enough facts to defeat a summary judgment motion. You haven't established a prima facie case here the plaintiffs couldn't even allege one they couldn't allege a prima facie claim, or they couldn't allege the elements of any cause of action. And so that element cuts in favor of the city, along with all the others. So we would, we would ask that the court, affirm with respect to entitlement. For the reasons stated and in our briefs and and we'll rely on our briefs for our argument that the court. The courts reduction in the amount of over 54% of the time that the city occurred in defending the case was excessive. Thank you. Thank you, counsel. You reserve three minutes. Very briefly are I'm very quickly I think that just prior you hit the nail on the head on this one because the district court did abuse the discretion when they went above and beyond the allegations that were made in the complaint. The First Amendment claim survived. There was leave to amend, but as we are seeing from our discussion today. You have opposing counsel trying to explain and support the district court's order with an explanation that came months after in an explanation that came in the order. I'm rejecting the magistrate or Solomon some R&R on denying the prevailing denying the prevailing party attorneys fees. And I can ask you a quick question about the prevailing party issue. Can you talk to me a little bit about Mr. Rana's track to that I find sort of attractive. The CRS T language that says that a defendant has fulfilled its primary objective and thus prevailed whenever the plaintiff's challenges were buffed irrespective of the precise reason for the court's decision. Why isn't that exactly what happened here. That is not exactly what happened here. I think Mr Rana makes a point in the brief but I think that the district court order fails on that. And again, it's that decision, or that finding in the district court order that says okay but by the way, there is preclusive effect, but we don't even have to go through this preclusive effect because CRS. Yes, I think I agree. I don't think we do have to go through this whole preclusive effect thing but I think it, I fear that it might cut against you because CRS T says, basically, the defendant wins the day, or any reason. It's a prevailing party. And I mean, you brought a lawsuit, the defendant brought a motion to dismiss it was granted CRS T seems to me it says dependent wins. And I think the question that you are posing just noticing is a little bit cut and dry and it doesn't take into effect. The specific facts of the case which this circuit has indicated to everybody all litigants has to be reviewed. So yeah, it's true that you don't have to have a judgment of the merits that you don't have the judicial imprimatur. And in this case, you don't have to have a finding that the party prevailed on the merits the question this way if the defendant. If the lawsuit was dismissed for lack of subject matter jurisdiction. Imagine controversy was way less than $75,000, let's say. And therefore the district court dismissed the case, the plaintiff's claim would have been robust with the player with the defendant be a prevailing party under those circumstances. Absolutely not. And then we have cited that case. The case has been in our brief says exactly that there's two cases that we cited one of them was for lack of subject matter jurisdiction. The other case was the Orlando communications case where they said look, in order for you to file the claim you have to be specific in your allegations of about the pre pre suit intent, meaning that the plaintiff can go right back and refile the complaint And I think that is the, it's a crucial point that judge Marcus you make, because we could file the same action. Granted, we started another process in state court, granted, we went through the application new application, but we cannot lose fact, we cannot, we The city and the individual defendant repeatedly rejected the renewal of the VDR. And again, just know some. You can win on a motion to dismiss the court gives you a, an order that says without prejudice, leaving the parties to scratch their heads and say, Okay, what is the next action that I take. And then the district court judge comes back months later and says but wait, by the way, I didn't give you a dismissal with prejudice. And I think the appellee's point has been that they just didn't do that because he did not want it to somehow implicate the to the last thing your colleagues said about the amount of the award let's just assume that the district court properly imposed a fee here. He says the fee was cut excessively anything you want to say about that. Just the only thing that I can do is refer to the brief, and the only fact that I can the only fact that I can point for your honor. They asked for $290,000 for a case that was resolved in three months. 10 motions 10 briefings one evidentiary hearing it included seven attorneys five of them shareholders. I don't think that I can say much of that it is clearly excessive and judge the magistrate judge, as the RNR, as adopted by the district court judge specifically said that the across the board cut was justified. Thank you very much. Thank you counsel we have your case. Thank you very much.